IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 98-3 E |
| ) | |
| CARL ANTHONY KNIGHT, ) | |
| ) | |
| Petitioner. ) | |

## OPINION

Presently before the Court is Carl Anthony Knight's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Knight moves for a reduction of his sentence under section 3582(c)(2) based on recent changes to the Guidelines concerning crack cocaine.

On April 7, 1999, a jury found defendant/petitioner Carl Anthony Knight guilty of one count of conspiracy to distribute a "mixture and substance containing a detectable amount of cocaine base" in violation of 21 U.S.C. § 846. On August 17, 1999, Knight was sentenced to life imprisonment. Prior to sentencing, a presentence investigation report was ordered, to which objections were filed. The presentence report states that the agents seized 1.8 kilograms of cocaine base in the searches conducted the day of Knight's arrest, November 13, 1999. PSR ¶¶ 17-30. At sentencing, Knight did not object to this amount.

Testimony at trial firmly established that the amount of drugs distributed was quite large. We found that Knight was responsible for the distribution of at least three kilograms of cocaine base a month, and that over the course of this four year conspiracy, he brought into the Erie area two kilograms of crack cocaine about every ten days. At the sentencing hearing on August 16, 1999, we agreed with the probation office's calculation of a four level increase in Knight's base offense level based on an adjustment for his role in the offense, pursuant to U.S.S.G. § 3B1.1(a),

1

because Knight was an organizer or leader in the conspiracy that involved 5 or more persons. We made specific findings on the record to support this four level increase. We then found an offense level of 43 and a criminal history category of Roman Numeral II, and sentenced Knight to a term of imprisonment for life, which was mandated by the applicable guidelines, followed by a term of supervised release of 5 years. The United States Court of Appeals for the Third Circuit affirmed the conviction on direct appeal in a Memorandum Opinion filed May 24, 2000. See United States v. Knight, 216 F.3d 1077 (3d Cir. 2000) (table).

A judgment of conviction that includes a sentence imposing a term of imprisonment normally constitutes a final judgment and cannot be modified. See 18 U.S.C. § 3582(b) and (c). 18 U.S.C. § 3582(c) (2), however, provides a narrow exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines to address the disparities between sentences based on crack and powder cocaine. Amendment 706 lowered the ratio between crack and powder cocaine offenses resulting in lower guideline offense levels for defendants facing sentencing for crack cocaine offenses than they would have faced before the Amendment. Section 3582(c)(2) permits a district court to retroactively reduce the term of imprisonment of a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Amendment 706 qualifies as such a reduction. U.S.S.G. § 1B1.10(c).

2

USSG § 1B1.10 sets forth the policy statement applicable to 18 U.S.C. § 3582(c)(2). See USSG § 1B1.10 cmt. background. § 1B1.10(a)(2) provides:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if-
>
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

§ 1B1.10(a)(2). In other words, for a sentence reduction because of an amendment to the Guidelines to be consistent with the policy statement referred to in § 3582(c)(2), two requirements must be satisfied:

- first, the amendment must be listed in USSG § 1B1.10(c); and

- second, the amendment must "have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2).

Effective on November 1, 2007, amendment 706 generally adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in USSG § 2D1.1. Amendment 712 to the Guidelines made amendment 706 retroactive on March 3, 2008, by adding "706" to the list of amendments in § 1B1.10(c). Knight thus satisfies the first requirement of the policy statement, namely, that the amendment applicable to him must be listed in § 1B1.10(c).

However, Amendment 706 did not have the effect of lowering the guideline sentencing range applicable to Knight. Prior to the amendment, the Drug Quantity Tale in U.S.S.G. § 2D1.1(c) applied the highest offense level of 38 to cases involving quantities of crack cocaine greater than 1.5 kilograms. After the amendment, in cases involving between 1.5 and 4.5 kilograms of crack cocaine, the drug quantity table reduced the applicable offense level by two

3

levels to level 36. However, the amendment did not reduce the offense level for cases involving quantities of crack cocaine greater than 4.5 kilograms. Because Knight's case involved greater than 4.5 kilograms, the base offense level would remain 38. Thus, when the amended offense level is applied to his case, his final offense level and corresponding sentence range remains the same as it was at the time of his original sentencing. After adding four levels under the leader/organizer enhancement and two levels for the obstruction of justice enhancement, the defendant's adjusted offense level would still be 44. The Guidelines cap offense levels at 43, thus, Knight's final offense level after the amendment would still be 43. With a criminal history category of Roman Numeral II, his Guidelines sentence range would remain imprisonment for life. Because the sentencing range has not been lowered as a result of Amendment 706, we lack jurisdiction to reduce the sentence. We therefore deny Knight's motion for a sentence reduction.

In addition, Mr. Knight argues that after U.S. v. Booker, 543 U.S. 220 (2005), a sentencing court is not bound by the Sentencing Guidelines and thus has the discretion to impose a sentence that varies from the guideline range even on resentencing. The government argues that the court's authority is limited upon a resentencing in the context of a retroactively applied amendment under section 3582(c).

We agree with the government. Booker did not make the policy statement in U.S.S.G. § 1B1.10 or the second element of 18 U.S.C. § 3582(c) merely advisory. See U.S. v. Wise, 515 F.3d 207, 221 n. 11 (3d Cir. 2008). We are limited to imposing a sentence that complies with section 3582(c)(2). To impose a reduced sentence below the minimum of the new amended guideline range would run afoul of section 3582(c)(2). It is true that the specific limitation on our jurisdiction is found in policy statement 1B1.10(b)(2)(A), however, the limitation on the court's power to reduce a sentence is derived from the statute. Even if we assumed, that the

4

policy statement standing alone is merely advisory post-Booker, we still could not impose a sentence below the minimum of the new amended guideline range without violating the statute. United States v. Strothers, 2008 WL 2473686, *4 (W.D.Pa June 19, 2008) (court cannot sentence below the bottom of the guideline range even if the policy statement is advisory because such a sentence "would be patently inconsistent with the policy statement . . . and, therefore, Section 3582(c)(2) would not permit such a sentence.")

Finally, we must add that even if we had discretion in this matter, we would not exercise it to reduce the sentence. The acts of Mr. Knight were egregious. There is no way of estimating the number of lives affected by the drugs he distributed. We have presided over many drug cases. This was one of the worst. See Opinion and Order dated February 4, 2009, filed contemporaneously herein, denying motion to vacate sentence pursuant to 28 U.S.C. § 2255 (in which we review the facts leading to Knight's indictment and conviction).

Accordingly, we enter the following order.

### ORDER

AND NOW, to-wit, this \_\_\_4th\_\_\_ day of February, 2009, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motions for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 194, 195, 199) be and the same are hereby DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Senior Judge

cc: counsel of record
Carl Anthony Knight
U.S. Probation

5