**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Crim. No.  98-03 Erie** |
| | ) | |
| | ) | |
| **CARL ANTHONY KNIGHT** | ) | |

## MEMORANDUM ORDER

The Court has received a letter from Carl Knight dated September 16, 2009, in which he makes several requests based on my recent decision to apply a 1-to-1 crack-to-powder ratio in all future crack cocaine sentencings.  A copy of the letter is attached hereto as Appendix A.  We construe Mr. Knight's letter as a Motion requesting (i) reconsideration, (ii) summary remand from the Third Circuit Court of Appeals, (iii) resentencing in light of Booker, and (iv) retroactive application of a 1-to-1 crack-to-powder ratio.

On April 4, 2009, we denied Mr. Knight's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. Section 2255, and his Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  Mr. Knight timely appealed these rulings to the United States Court of Appeals for the Third Circuit, where they remain pending.

Because his case is currently pending before the Circuit Court, Mr. Knight requests that we notify the Third Circuit Court of Appeals of our intention to reconsider our rulings denying Mr. Knight's 2255 petition and motion for reduction of sentence and therefore ask that the Circuit Court summarily remand Mr. Knight's case for further proceedings.  Mr. Knight wants us to reconsider our rulings in light of our decision to apply a 1-to-1 ratio in

future crack cocaine sentencings. Additionally, he appears to argue that he is due a resentencing hearing in light of United States v. Booker, 543 U.S. 220 (2005), and the line of cases following that decision, and that a variance would be appropriate in his case.

We first note that we are without jurisdiction to consider a modification of sentence other than as a timely filed motion brought pursuant to 28 U.S.C. § 2255. In addition, as Mr. Knight recognizes, jurisdiction of his case is in the Third Circuit Court of Appeals.

With regard to Mr. Knight's reference to the Booker case, we note that this decision does not apply to a case such as his. The United States Court of Appeals for the Third Circuit has determined that Booker challenges are not applicable to collateral review claims like Mr. Knight's. Lloyd v. United States, 407 F.3d 608, 608 (3d Cir. 2005). In Lloyd, the Third Circuit court held that although the rule announced in Booker qualifies as a new rule of criminal procedure, it is not to be applied retroactively to prisoners whose judgment was final and who are in the initial § 2255 motion stage as of the date that the Booker decision was issued. "Because Booker announced a rule that is 'new' and 'procedural,' but not 'watershed,' Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued." Lloyd, 407 F.3d at 616-617. Mr. Knight's judgment was final no later than December 25, 2002. Accordingly, the rule announced in Booker is not applicable to Mr. Knight given that his judgment was final well before the date that the Booker decision was issued.

Finally, our decision to apply a 1-to-1 crack-to-powder ratio in all future crack cocaine sentencings is only applicable to defendants who are properly before the court for sentencing. We did not issue a new rule, but instead exercised our discretionary power to vary from the Sentencing Guidelines related to crack cocaine, as recognized by Kimbrough

2

v. United States, 552 U.S. 85 (2007), and Spears v. United States, __ U.S. __, 129 S.Ct. 840,

172 L.Ed.2d 596 (2009) (per curiam). As such, our announcement of our intention in future

cases is not to be applied retroactively, absent a statutory change or directive from a higher

court.

    Accordingly, we will deny Mr. Knight's Motions.


    AND NOW, to-wit, this 29th day of September, 2009, for the reasons stated

above, it is hereby ORDERED, ADJUDGED, and DECREED that Carl Anthony Knight's

Motion requesting (i) reconsideration, (ii) summary remand from the Third Circuit Court of

Appeals, (iii) resentencing in light of Booker, and (iv) retroactive application of a 1-to-1

crack-to-powder ratio, be and hereby is DENIED.


                         Maurice B. Cohill, Jr.

                         Senior United States District Judge
                         Maurice B. Cohill, Jr.


cc:    counsel of record

        Carl Anthony Knight
        No. 10725-068
        FCI Allenwood
        P.O. Box 2000
        White Deer, PA 17887-2000