IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 98-00003 |
| | ) | |
| CARL ANTHONY KNIGHT | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Troy Rivetti and Cindy Chung, Assistant United States Attorneys for said district, and respectfully files this response in opposition to the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Doc. No. 251.  The defendant is ineligible for a reduction because Amendment 782 does not have the effect of lowering the defendant's applicable guideline range.

I. The Defendant is Ineligible for a Reduction

A. The Offense Level for Cocaine Base Quantities Greater than 25 Kilograms has not Changed

"A reduction in the defendant's term of imprisonment ... is not authorized ... if ... (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2) (Nov. 1, 2014).  Amendment 782 does not provide a two-level reduction for offense levels based upon quantities of cocaine base over 25.2 kilograms; rather, the base offense level in such circumstances remains at 38.  See U.S.S.G. § 2D1.1(c) (Nov. 1, 2014).  Therefore, a reduction is not authorized in the cases of defendants whose offense levels

were determined upon a cocaine base quantity greater than 25.2 kilograms. U.S.S.G. §1B1.10(a)(2)(A).

>    B. The Court Determined that the Defendant Was Responsible for Trafficking at Least 144 Kilograms of Cocaine Base

In this case, the sentencing Court found that "the defendant was responsible for the distribution of at least three kilograms of cocaine base a month in Erie." Doc. No. 203 at 2, citing Sentencing Transcript, August 11, 1999, p. 8; see also, Doc. No. 211 at 1 (noting the same). The sentencing Court also found that over the four-year period of the conspiracy, "the defendant brought into Erie two kilograms about every ten days." Doc. No. 203 at 2, citing Sentencing Transcript, p. 13; see also, Doc. No. 211 at 1 (same). Thus, the Court found at sentencing that a conservative estimate of the quantity of cocaine base for which the defendant was responsible was 144 kilograms (three kilograms a month throughout the duration of the four-year conspiracy). See Doc. No. 203 at 2; Doc. No. 211 at 4.

>    C. Amendment 782 does not Have the Effect of Lowering the Defendant's Guideline Range

The defendant is ineligible for a reduction because his case involved a cocaine base determination of at least 144 kilograms, and under Amendment 782, the base offense level for a quantity of cocaine base greater than 25.2 kilograms remains 38. U.S.S.G. § 2D1.1(c) (Nov. 1, 2014). Applying the four-point increase for the defendant's leadership role and the two-point increase for the defendant's obstructive conduct, the defendant's offense level remains 44, which is treated the same as a level 43. See Doc. No. 21l; see also Presentence Investigation Report at 7-8 (finding these enhancements appropriate); Statement of Reasons at 1 (adopting Presentence Investigation Report). Therefore, the defendant's total offense level remains 43. With a criminal history category of II, the defendant's guideline range remains a sentence of life imprisonment.

Because Amendment 782 does not have the effect of lowering the defendant's original guideline range, the defendant is ineligible for relief and is not entitled to any reduction. U.S.S.G. §1B1.10(a)(2)(B); see also, Doc. No. 211 at 4 (J. Cohill finding that the defendant was ineligible for a reduction in an analogous set of circumstances);[1] United States v. Harris, 331 F. App'x 942 (3d Cir. 2009); United States v. Johnson, 633 F.3d 116 (2d Cir. 2011) (per curiam); United States v. Johnson, 326 F. App'x 190 (4th Cir. 2009) (per curiam) (unpublished); United States v. Hernandez, 645 F.3d 709, 712 (5th Cir. 2011); United States v. Watkins, 625 F.3d 277, 282 (6th Cir. 2010); United States v. Forman, 553 F.3d 585, 590 (7th Cir. 2009) (per curiam); United States v. Woodson, 280 F. App'x 568 (8th Cir. 2008) (unpublished); United States v. Williams, 290 F. App'x 133 (10th Cir. 2008) (unpublished); United States v. Jones, 548 F.3d 1366, 1368-69 (11th Cir. 2008); United States v. Best, 2008 WL 4551229 (N.D. Ind. 2008) (citing numerous cases).

---

[1] Although the defendant argues that his sentence should be reduced because the lead prosecutor (now a judge) in this case "supports a reduction in sentence," this simply does not change the fact that the defendant is ineligible for such relief.

Even if the defendant were eligible, his motion should still be denied. Hon. Judge Cohill, the judge who originally presided over trial, sentencing, and multiple post-conviction motions, including a previous motion for reduction, had an extensive knowledge of the evidence and facts in this case. Judge Cohill rejected the defendant's previous motion for a reduction because, as is the case now, the quantity of cocaine base trafficked by the defendant made him ineligible for relief. Nonetheless, based upon his extensive knowledge, Judge Cohill noted that,

> "[W]e must add that even if we had discretion in this matter, we would not exercise it to reduce the sentence. The acts of Mr. Knight were egregious. There is no way of estimating the number of lives affected by the drugs he distributed. We have presided over many drug cases. This was one of the worst."

Doc. No. 211 at 5. Judge Cohill then cited to another opinion in which he reviewed in detail all of the facts relevant to the instant case. Id. These same facts weigh against granting any relief in this matter and the government would submit that Judge Cohill's previous conclusions on this matter should be given great deference.

II.     Conclusion

Because the defendant's offense level was based upon the sentencing Court's finding that he trafficked at least 144 kilograms of cocaine base, the defendant's guideline range has not been lowered and he is ineligible for relief.

Wherefore, the government respectfully submits its response in opposition to the defendant's motion for a reduced sentence.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney


s/ Troy Rivetti
TROY RIVETTI
Assistant U.S. Attorney
PA ID No. 56816


s/ Cindy Chung
CINDY CHUNG
Assistant U.S. Attorney
PA ID No. 317227
